IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALICIA MOORE                                                                                      PLAINTIFF

V.                                              4:20CV00075 JM

RYAN McCARTHY, in this official
Capacity as SECRETARY OF THE ARMY                                            DEFENDANT

**ORDER**

Pending is the motion of Defendant Ryan McCarthy, in his official capacity as Secretary of the Army, to dismiss Plaintiff Alicia Moore's Complaint. Plaintiff has responded to the motion and the Defendant has replied. For the reasons set forth below, the motion is granted.

I.  Facts Alleged in the Complaint

Plaintiff was hired by the Army Corps of Engineers (the "Corps") as a contract specialist in March of 2010. In 2014, Plaintiff told her supervisor, Gwendolyn Miller, that she had been subjected to harassment and discrimination. No facts are given in the Complaint regarding this allegation.

In December, 2016, Plaintiff's supervisor, Darrin Curtis, screamed at Plaintiff in the office until a co-worker separated them. After hearing Curtis screaming, William Lee, a co-worker of Plaintiff, received an email from Curtis' supervisor, Greg Yada, seeking Lee's help dealing with Plaintiff.

On May 15, 2017, Lakisha Vance, another coworker of Plaintiff, sent Plaintiff an email chain in which Vance had been included. In one email, Yada asked Curtis for "help with honey," referring to Plaintiff. On another occasion, Yada told Plaintiff not to speak to customers. He

complained that Plaintiff used authoritative language without authority. According to the Complaint, Lakisha Vance thought Yada and Curtis were attempting to bully Plaintiff. Vance further opined that Curtis had a difficult time taking advice from women.

On May 16, 2017, Plaintiff told Ms. Easter[1] that she felt she was the subject of harassment and discrimination because she was female. Plaintiff contends that this was not the first time she had complained to Easter, but Easter took no action. According to Plaintiff, she continued to feel alienated by Yada and Curtis. She alleges that Yada and Curtis even refused to provide project updates to Plaintiff which she contends were vital to her job.

Plaintiff filed a Charge of Discrimination regarding her treatment in June, 2017. Plaintiff alleges that she was forced to leave her position with the Corps in September because her treatment by male supervisors became intolerable. She filed an employment discrimination suit in this Court on January 21, 2020.

II.     Standard for Rule 12(b)(6) Motion

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how,

---

[1] It is unclear what position Ms. Easter held with the Corp.

when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

It is also true that "a plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right. While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Gregory v. Dillard's, Inc*., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citations omitted)).

II.  Analysis of the Law

A. Sovereign Immunity

As the Corps suggests, Plaintiff cannot bring an ACRA claim against it because the Army enjoys sovereign immunity. Title VII provides the exclusive remedy for employment discrimination against a federal employer. See *Brown v. Gen. Servs. Admin*., 425 U.S. 820, 835, 96 S. Ct. 1961, 1969, 48 L. Ed. 2d 402 (1976) ("[Section] 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment.") Plaintiff's claims under ACRA are dismissed for lack of subject matter jurisdiction.

B.  Title VII Claims

1.  Gender Discrimination

Plaintiff alleges that she was harassed because she is female and that the harassment was so severe that she was forced to resign. She does not allege that she was terminated, demoted, paid less, or given less benefits by the Corps because of her gender. "To establish the elements of a sexual harassment claim based on a hostile environment, a plaintiff must show that: (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action." *Blomker,* 831 F.3d at 1056 (quoting *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999)).

Plaintiff was a member of a protected group. For purposes of this motion, the Court assumes that she was subject to unwelcome harassment based upon her gender. However, the fourth element is problematic for Plaintiff.

> The fourth element involves both objective and subjective components. It requires that "[t]he harassment ... be 'severe or pervasive enough to create an objectively hostile or abusive work environment' and the victim must subjectively believe her working conditions have been altered." "The Supreme Court has cautioned courts to be alert for workplace behavior that does not rise to the level of actionable harassment." For that reason, [t]he standards for a hostile environment are demanding, and "conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment. "When evaluating a hostile environment, we look at the totality of the circumstances, "including the frequency and severity of the discriminatory conduct, whether such conduct was physically threatening or humiliating, as opposed to a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance."

*Alvarez v. Des Moines Bolt Supply, Inc.,* 626 F.3d 410, 420 (8th Cir. 2010) (citations omitted).

Taking all of Plaintiff's allegations as true, the behavior of Yada and Curtis did not affect a term, condition, or privilege of Plaintiff's employment. The fact that Curtis screamed at

Plaintiff on one or two occasions, that Curtis and Yada embarrassed her, refused to email her and ignored her are not as egregious as the facts in other cases where the Court of Appeals of the Eighth Circuit found the allegations insufficient to establish a hostile work environment. *See McMiller v. Metro*, 738 F.3d 185, 188 (9th Cir. 2013) (supervisor kissed employee on two occasions, placed his arms around her or attempted to do so three times, and requested that she remove an ingrown hair near his chin but court found behavior not sufficiently severe or pervasive); *LeGrand v. Area Res. for Cmty. & Human Servs.,* 394 F.3d 1098, 1100–03 (8th Cir. 2005) (holding that a plaintiff who asserted that a harasser asked him to watch pornographic movies and to masturbate together, suggested that the plaintiff would advance professionally if the plaintiff caused the harasser to orgasm, kissed the plaintiff on the mouth, "grabbed" the plaintiff's buttocks, "brush[ed]" the plaintiff's groin, "reached for" the plaintiff's genitals, and "briefly gripped" the plaintiff's thigh, had not established actionable harassment); *Ottoman v. City of Independence, Mo.,* 341 F.3d 751 (8th Cir. 2003) (court found no hostile work environment where supervisor belittled plaintiff and female employees but had not belittled the work of male employees; had belittled women's abilities; had cut off plaintiff's conversation with a city employee; had spoken condescendingly to plaintiff, as if she were a child; had, on two separate occasions, made the comment, "It's just like a woman" referring to two women who had disagreed with him; had occasionally referred to women as "girls;" declared that "we need more men" and sometimes told female workers to "be quiet, men are talking."). Plaintiff's claims of hostile work environment and gender discrimination are dismissed.

    2. <u>Retaliation</u>

To establish a prima facie case of retaliation, Plaintiff must demonstrate that 1) she engaged in protected conduct; 2) a reasonable employee would have found her employer's

retaliatory action materially adverse; and 3) the materially adverse action was causally linked to her protected conduct. *Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1132 (8th Cir. 2014) (citation omitted) (internal quotation marks omitted). As stated above, Plaintiff failed to establish that she suffered an adverse employment action, let alone a materially adverse employment action. Thus, she cannot establish a prima facie case of retaliation.

III.    Conclusion

Defendant's motion to dismiss (ECF No. 6) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 20th day of July 2020.

_____
James M. Moody Jr.
United States District Judge